UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ROWLERY, JR.,

    Plaintiff,

                                  CASE NO. 2:12-CV-15292
                                  JUDGE PAUL D. BORMAN
                                  MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

GENESEE COUNTY, ROBERT WINSTON,
DAVID SCHMIEDER, E. MARTIN,
SCOTT PRITCHARD, SCOTT MANGRUM,
BRANDON SZEMITES, ROBERT NUCKOLLS
and RYAN DOBBS,

    Defendants.

_____/

### REPORT AND RECOMMENDATION REGARDING DEFENDANTS' JULY 19, 2013 OBJECTION (Doc. Ent. 41) TO PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT (Doc. Ent. 39)

**I.**     **RECOMMENDATION:** The Court should **(a)** sustain defendants Genesee County, Pritchard, Mangum, Szemites, Nuckolls, Dobbs, Winston and Schmieder's July 19, 2013 objection (Doc. Ent. 41) to plaintiff's request for Clerk's entry of default (Doc. Ent. 39) and **(b)** set aside the Clerk's July 19, 2013 entry of default as to Martin (Doc. Ent. 40).

If the Court agrees with my foregoing recommendation that plaintiff's attempt at service upon Martin does not comport with Fed. R. Civ. P. 4(e), then the Court should either "dismiss the action without prejudice against [Martin] or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Otherwise, if the Court finds that plaintiff has shown good cause for the failure, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also* M.C.R. 2.105(I) ("Discretion of the Court.").

**II.     REPORT:**

**A.     Background**

Plaintiff Joseph Rowlery, Jr., filed this case on November 30, 2012 against nine (9) defendants, including Genesee County and various police officers employed by the Genesee County Sheriff's Department. Doc. Ent. 1 ¶¶ 1-3. The facts underlying the complaint concern the alleged events of December 3, 2010 (Doc. Ent. 1 ¶¶ 10-24) and the alleged events of September 17, 2011 (Doc. Ent. 1 ¶¶ 25-31). The causes of action allege two counts of excessive force (¶¶ 33-51), as well as counts for assault and battery (¶¶ 52-58), gross negligence (¶¶ 59-67) and constitutional violations by Genesee County (¶¶ 68-73).

Answers have been filed by defendants Dobbs, Mangrum, Nuckolls, Pritchard, Szemites, Schmieder, Winston and Genesee County. Doc. Entries 12-16, 24-25 and 45; *see also* Doc. Entries 38, 42 & 44.

Plaintiff has filed several responses to defendants' affirmative defenses. Doc. Entries 19-23, 26-27 & 46.

**B.     Status of Service upon Defendant Martin**

On March 14, 2013, the Court received an executed "Summons and Complaint Return of Service." Upon inspection, the certificate indicates that E. Martin was served with the summons and complaint on February 26, 2013 by leaving copies, apparently with Pam Cookingham, at 1002 S. Saginaw Street, Flint. Doc. Ent. 10. This address is attributable to the Genesee County Jail (GCJ). *See* http://www.gcsdmi.com, Divisions, Corrections.

To date, defendant Martin has not filed an answer to the complaint (Doc. Ent. 1). Nor has an appearance of counsel been entered on Martin's behalf.

**C.     Plaintiff's Request for Clerk's Entry of Default**

On July 19, 2013, plaintiff filed a Request for Clerk's Entry of Default as to defendant E. Martin, alleging that defendant Martin was personally served on February 26, 2013 at 1002 S. Saginaw Street, Flint, MI, and had yet to plead or otherwise defend. Doc. Ent. 39. That same day, the Clerk of the Court entered default as to E. Martin. Doc. Ent. 40.

Currently before the Court is defendants Genesee County, Pritchard, Mangrum, Szemites, Nuckolls, Dobbs, Winston and Schmieder's July 19, 2013 objection (Doc. Ent. 41) to plaintiff's request for clerk's entry of default (Doc. Ent. 39).

Judge Borman has entered an order (Doc. Ent. 43) referring defendants' objection (Doc. Ent. 41) to me. I will address this matter in the form of a report and recommendation. *See Callier v. Gray*, 167 F.3d 977, 981-982 (6th Cir. 1999).

**D.     Discussion**

**1.**     Fed. R. Civ. P. 4(e) concerns "Serving an Individual Within a Judicial District of the United States." "Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:

   (1)   following state law for serving a summons in an action brought in courts
         of general jurisdiction in the state where the district court is located or
         where service is made; or

   (2)   doing any of the following:

         (A)   delivering a copy of the summons and of the complaint to the
               individual personally;
         (B)   leaving a copy of each at the individual's dwelling or usual place
               of abode with someone of suitable age and discretion who resides
               there; or

>   (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The applicable Michigan Court Rule is M.C.R. 2.105 ("Process; Manner of Service").

**2.**   Citing the February 2013 "Summons and Complaint Return of Service," Doc. Ent. 10, defendants Genesee County, Pritchard, Mangrum, Szemites, Nuckolls, Dobbs, Winston and Schmieder point out that E. Martin was not personally served; rather, copies were left "at the usual place of abode," specifically with Pam Cookingham at the Genesee County Jail (GCJ). According to these defendants, "E. Martin did not reside at 1002 S. Saginaw Street, Flint, MI, which is the address for the [GCJ]." These defendants also assert that "E. Martin, who was formerly employed by Genesee County and was assigned to the [GCJ], was no longer employed with Genesee County as of that date." Doc. Ent. 41 at 2.

In sum, these defendants contend that plaintiff's "service" does not meet the requirements of Fed. R. Civ. P. 4(e)(2), nor was it in accordance with the M.C.R. as suggested by Fed. R. Civ. P. 4(e)(1). Doc. Ent. 41 at 2.

**3.**   In his August 7, 2013 response,[1] plaintiff asserts that personal service of the complaint was "effectuated upon all of the individually-named Defendants at the [GCJ] on February 26, 2013." Doc. Ent. 48 at 1. According to plaintiff, the individual defendants were "at the time of the incident complained of, employees of Defendant Genesee County and were officers of the Genesee County Sheriff's Department." Doc. Ent. 48 at 1-2. And, the complaint was filed against the individual defendants in their individual and official capacities. Therefore, plaintiff

---

[1] On July 25, 2013, I entered an order (Doc. Ent. 47) setting the response deadline for August 7, 2013.

contends, it was proper to serve the individual defendants at their place of employment. Doc. Ent. 48 at 2.[2]

Furthermore, plaintiff notes that Pam Cookingham of the Genesee County Sheriff's Department Administrative Office accepted service of process for all of the defendants, including E. Martin, on February 26, 2013. According to defendants, "at no point during the proceedings did Defendants indicate that E. Martin was no longer employed by Defendant Genesee County or that Pam Cookingham's signed acceptance of service with regard to E. Martin was ineffective." It is plaintiff's position that defendants "have waived any argument as to Defendant E. Martin that service is not proper when all other individual Defendants were served the exact same way and no objections were made." Doc. Ent. 48 at 2.

Plus, plaintiff points out that Cookingham accepted service of process for defendants Robert Nickelsen, Robert Nuckolls and Thomas Muldoon in *Leverette v. County of Genesee, et al.*, Case No. 2:13-cv-10536-PDB-LJM (E.D. Mich.). Doc. Ent. 48 at 2-3, Doc. Ent. 48-2. According to plaintiff, "opposing counsel and Defendants have an established history of accepting service on Defendants in Genesee County through effectuating service upon Ms. Cookingham and have never before raised an objection to this form of service."[3]

---

[2]Additionally, plaintiff points out that service of a law enforcement officer at his or her place of employment is generally preferred, "especially since the personal home addresses of law enforcement officers are withheld because of security and privacy concerns." Doc. Ent. 48 at 2.

[3]However, seven (7) answers were filed in the *Leverette* case. *See* Case No. 2:13-cv-10536-PDB-LJM (Doc. Entries 13 (Muldoon), 14 (Becher), 15 (County of Genesee), 16 (Nuckolls), 17 (Guest), 18 (Zofchak) & 19 (Nickelsen)). Furthermore, notices of appearance were entered on behalf of each of the seven (7) defendants. *See* Case No. 2:13-cv-10536-PDB-LJM (Doc. Entries 11 & 12).

Then, relying upon *Ibrahiem v. City of Flint, et al.*, Case No. 4:06-cv-10940-PVG-PJK, 2006 WL 3759920 (E.D. Mich. Dec. 20, 2006) (Gadola, J.),[4] Fed. R. Civ. P. 4(e)(1) and M.C.R. 2.105(J)(3), plaintiff argues that "technically deficient service does not merit dismissal." Doc. Ent. 48 at 3. Plaintiff notes that defendant Genesee County, having answered (Doc. Ent. 45) the complaint (Doc. Ent. 1), had actual notice of the lawsuit. Furthermore, citing *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986), plaintiff contends that "actual notice is not required by the court rules," and "constructive notice is sufficient to maintain a lawsuit." Doc. Ent. 48 at 4.[5]

**4.** In their August 20, 2013 reply, defendants Dobbs, County of Genesee, Mangrum, Nuckolls, Pritchard, Schmieder, Syemites and Winston point out that "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service of process was not proper, the court must set aside an entry of default." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (internal and external citations omitted). Doc. Ent. 49 at 1-2.

These named defendants explain that they "were Genesee County employees at the time of service - E. Martin was not[,]" and contend that "[t]here is no evidence to show that [Martin]

---

[4]A copy of this decision granting Flint Police Department's motion to dismiss and denying City of Flint's motion to dismiss is attached to plaintiff's response (Doc. Ent. 48). *See* Doc. Ent. 48-3.

[5]"We believe that Rule 15(c) does not require that the new defendants received **actual** notice. It is enough that the new defendants received **constructive** notice of the suit. Under some circumstances, notice can also be **imputed** to a new defendant. [And,] where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may **imply** receipt of sufficient notice." *Berndt*, 796 F.2d at 884 (internal citations and footnote omitted) (emphasis added).

authorized his former employer to accept service of actions filed against him or that he had any contact with his former employer after his separation from employment." Doc. Ent. 49 at 2.

Additionally, relying upon *VanDiver v. Martin*, 304 F.Supp.2d 934, 943 (E.D. Mich. 2004) (Cleland, J.),[6] these defendants contend that "[i]t is Plaintiff's duty, and not that of these Defendants, to ensure that service is effectuated." Also, these defendants contend that "[s]ince E. Martin never filed an appearance or answer in this action, Plaintiff should have known that he had not been served." Doc. Ent. 49 at 2. Furthermore, they assert that Martin has never acknowledged service. Doc. Ent. 49 at 3.

In the end, it is their position that "[t]here is no evidence that E. Martin was personally (or otherwise) served with this lawsuit within the time frame of the summons, or even that he is aware of this action today." Doc. Ent. 49 at 3.

**5.** The Court should **(a)** sustain defendants Genesee County, Pritchard, Mangum, Szemites, Nuckolls, Dobbs, Winston and Schmieder's July 19, 2013 objection (Doc. Ent. 41) to plaintiff's July 19, 2013 request for Clerk's entry of default (Doc. Ent. 39) and **(b)** set aside the Clerk's July 19, 2013 entry of default as to Martin (Doc. Ent. 40).

To be sure, the docket indicates that defendant Martin was a party to defendants' May 23, 2013 motion to compel (Doc. Ent. 30), as well as defendants' June 10, 2013 motion to withdraw

---

[6]"The court agrees with the Fifth Circuit in that 'a plaintiff may not remain silent and do nothing to effectuate service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.' 828 F.2d at 1110. This is not a case where the plaintiff can rely on the Marshal's failure to act as good cause for failure to serve Defendants within 120 days as required by Rule 4(m). Accordingly, the Court will adopt the magistrate judge's recommendation that the complaint be dismissed against Defendants Debruyn and King without prejudice because Plaintiff has not shown 'good cause' why he has failed to serve them within 120 days under Rule 4(m)." *VanDiver*, 304 F.Supp.2d at 943.

(Doc. Ent. 34) and June 10, 2013 notice of withdrawal (Doc. Ent. 35), each of which was docketed by defense counsel. The opening paragraph of these matters simply refers to "defendants." Doc. Ent. 30 at 1, Doc. Ent. 34 at 1 & Doc. Ent. 35 at 1.

However, the docket also indicates that defendants County of Genesee, Dobbs, Mangrum, Nuckolls, Pritchard, Schmieder, Szemites and Winston were also a party to the July 19, 2013 objection (Doc. Ent. 41) and the August 20, 2013 reply (Doc. Ent. 49). Here, it is worth noting that the opening paragraph of the objection specifically refers to eight (8) defendants GENESEE COUNTY, PRITCHARD, MANGRIM [MANGRUM], SZYMITUS [SZEMITES], NUKOUS (NUCKOLLS), DOBBS, WINSTON AND SCHM[IE]DER. Doc. Ent. 41 at 1.

In the end, defendants Genesee County, Pritchard, Mangum, Szemites, Nuckolls, Dobbs, Winston and Schmieder have the better argument - that plaintiff's attempt at service upon Martin does not comport with Fed. R. Civ. P. 4(e). First, to the extent plaintiff is relying upon Fed. R. Civ. P. 4(e)(2), the February 26, 2013 attempt at service upon E. Martin was not delivered to the "individual personally[,]" Fed. R. Civ. P. 4(e)(2)(A); the GCJ is not E. Martin's "dwelling or usual place of abode[,]" Fed. R. Civ. P. 4(e)(2)(B); and it is not clear that Pam Cookingham at the GCJ was "an agent authorized by appointment or by law to receive service of process[,]" Fed. R. Civ. P. 4(e)(2)(C).

Second, to the extent plaintiff is relying upon Fed. R. Civ. P. 4(e)(1), M.C.R. 2.105(A) provides that "[p]rocess may be served on a resident or nonresident individual by[:]

> (1) delivering a summons and a copy of the complaint to the defendant personally; or

> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A) ("Individuals."). Here, too, delivery was not made to "the defendant personally[,]" M.C.R. 2.105(A)(1). Furthermore, hand-delivery of a summons and complaint to Martin at the GCJ does not comport with M.C.R. 2.105(A)(2).

Moreover, it is not clear that Pam Cookingham at the GCF was Martin's "Agent Authorized by Appointment or by Law." M.C.R. 2.105(H). Finally, to the extent this rule provides that "[a]n action shall not be dismissed for improper service of process unless the service *failed to inform the defendant of the action* within the time provided in these rules for service[,]" M.C.R. 2.105(J)(3) (emphasis added), it is not clear that defendant E. Martin has been informed of the instant lawsuit.

**6.** "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Fed. R. Civ. P. 4(m) ("Time Limit for Service.").

Plaintiff filed this lawsuit, via counsel, on November 30, 2012. Doc. Ent. 1. Thus, plaintiff had until on or about April 1, 2013, *see* Fed. R. Civ. P. 6(d), by which to serve each of the defendants with the summons and complaint.

9

Defense counsel's March 14, 2013 appearance expressly mentions his representation of five (5) defendants: Pritchard, Mangrum, Szemites, Nuckolls and Dobbs. Doc. Ent. 4. And, only eight defendants have filed answers to the complaint. Doc. Entries 12 (Ryan Dobbs), 13 (Scott Mangrum), 14 (Robert Nuckolls), 15 (Scott Pritchard), 16 (Brandon Szemites), 24 (David Schmieder), 25 (Robert Winston) and 45 (Genesee County).

It is defendants Genesee County, Pritchard, Mangum, Szemites, Nuckolls, Dobbs, Winston and Schmieder's position that the Clerk's July 19, 2013 entry of default as to E. Martin (Doc. Ent. 40) "is void and [Martin] must be dismissed from this litigation." Doc. Ent. 49 at 3. If the Court agrees with my foregoing recommendation that plaintiff's attempt at service upon Martin does not comport with Fed. R. Civ. P. 4(e), then the Court should either "dismiss the action without prejudice against [Martin] or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Otherwise, if the Court finds that plaintiff has shown good cause for the failure, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also* M.C.R. 2.105(I) ("Discretion of the Court.").

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: September 27, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 27, 2013.

s/Jane Johnson<br>
Deputy Clerk